**THE FLEISHMAN LAW FIRM**
Charles J. Fleishman Bar# 46405
Paul A. Fleishman Bar# 251657
5850 Canoga Ave. 4th Floor
Woodland Hills, CA 91367
Telephone: (818) 350-6285
FAX: (818) 350-6272
erisa@erisarights.com
Attorneys for **Plaintiff**

FILED

10 NOV 29 P 2: 23

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

ROBERT GORDON

    Plaintiff,

vs.

METROPOLITAN LIFE INSURANCE COMPANY, a corporation; BORLAND SOFTWARE CORPORATION, a corporation; DOES 1 through 10, inclusive

    Defendants.

NO. CV 10-05399 JW

COMPLAINT FOR BENEFITS UNDER AN EMPLOYEE BENEFIT PLAN

HRL

    COMES NOW THE PLAINTIFF, Robert Gordon, and for cause of action against all defendants, alleges as follows:

    1. JURISDICTION. This court has subject matter jurisdiction of this dispute without regard to the citizenship of the parties pursuant to 29 USC 1132(a)(1)(B) and (e)(1).

    2. INTRADISTRICT ASSIGNMENT. Plaintiff is and was at all times herein mentioned, a resident of the County of Santa Cruz, State of California.

    3. Plaintiff is informed and believes, and based upon such information and belief alleges, that DOE 1 (hereinafter "Plan") is an ERISA plan formed by Borland

1

Complaint

Software Corporation (Borland) under which the plaintiff is entitled to benefits. Metropolitan Life Insurance Company (MetLife) is the insurance company that insures the Plan's liability for benefits. At all times herein mentioned, Plaintiff was entitled to long term disability benefits, health care benefits, life insurance benefits and other benefits under the Plan. Said benefits were to be given to the Plaintiff should he become disabled.

4. Plaintiff is unaware of the true names and capacities of defendants named herein as DOES 1 through 10 and has therefore named such defendants by such fictitious names. Plaintiff will ask leave of court to amend the complaint to state the true names and capacities of the DOE defendants when the same are ascertained.

5. Plaintiff is informed and believes, and based upon such information and belief alleges, that each of the defendants was acting as the agent and employee of each of the remaining defendants with regard to all actions described herein and all benefits due plaintiff and all damage caused to plaintiff.

6. Plaintiff is informed and believes, and based on such information and belief alleges, that Borland is the sponsor and plan administrator of the Plan.

7. Plaintiff was employed by Borland until he became disabled on or about April, 2002. As an employee of Borland, he was eligible for the protection of the Plan. When he became disabled, he became eligible for the long term disability benefits of the Plan and to other benefits. Defendants have arbitrarily and in bad faith refused to make payments to plaintiff as required by the Plan.

8. On May 7, 2010, the Plaintiff was notified of the decision of MetLife to deny him long term disability benefits. Plaintiff timely appealed the denial of benefits on August 11, 2010. Said appeal was never decided.

9. Plaintiff has been denied the benefits which are due him under the Plan and has suffered and is continuing to suffer economic loss as a result thereof from April 2002. Plaintiff is entitled to an award of interest on all money that should have been paid to him.

10. Plaintiff has been required to hire attorneys to represent him in this matter and to recover benefits due him under the Plan. Plaintiff has and will incur attorney fees. The exact amount is unknown to plaintiff and he seeks leave to amend this complaint when the same has been ascertained or at the time of trial according to proof.

11. A controversy now exists between the parties as to whether Plaintiff is disabled under the terms of the Plan. Plaintiff seeks a declaration by this Court that he meets the Plan definition of disability and is entitled to continued LTD benefits from Defendants. Plaintiff further seeks a declaration by this Court that, if in fact he is found to have been and/or continues to remain disabled under the terms of the controlling Plan documents, that all benefits provided to Plan participants while they are disabled under this Plan and any other applicable welfare or pension benefit plans covering plaintiff, be reinstated retroactive to the date his LTD benefits were terminated.

WHEREFORE, plaintiff prays judgment against the defendants and each of them as follows:

1. For all benefits due him in the past and future under the plan plus interest;

2. For a declaration by this Court that, if in fact he is found to have been and/or continues to remain disabled under the terms of the controlling Plan documents, that all benefits provided to Plan participants while they are disabled under this Plan and any other applicable welfare or pension benefit plans covering plaintiff, be reinstated retroactive to the date his LTD benefits were terminated.

3. For reasonable attorney fees;

4. For costs of suit; and

5. For such other and further relief as this court may deem just and proper.

DATED: November 22, 2010

*Paul Fleishman*
PAUL FLEISHMAN