UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ROBERT GORDON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>METROPOLITAN LIFE INSURANCE COMPANY,<br><br>　　　　　Defendant. | Case No. 5:10-cv-05399-EJD<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION**<br><br>Re: Dkt. No. 53 |

In this action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132, Plaintiff Robert Gordon ("Plaintiff") seeks long term disability ("LTD") payments from Defendant Metropolitan Life Insurance Company ("Defendant") after Defendant denied his claim for that relief through his former employer's benefits plan. Presently before the court is Plaintiff's Motion for Summary Adjudication focused solely on the standard of review that should be applied to Defendant's benefits determination. See Docket Item No. 53. Defendant has filed written opposition to the motion. See Docket Item No. 54.

This matter was found suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b). Having carefully considered the parties' arguments and evidence, the court has determined that Plaintiff's request for de novo review is unpersuasive. Thus, this motion will be denied, but with particular instructions regarding the appropriate level of scrutiny that will be applied to the decision on Plaintiff's claim.

**I.　FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff alleges he began employment with Ashton-Tate in 1989 until it was purchased by Borland Software ("Borland") in 1991, at which time he began working for Borland. On or about

1
Case No.: 5:10-cv-05399-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION

April 19, 2002, Plaintiff commenced a period of short term disability. See Decl. of Paul Fleishman ("Fleishman Decl."), Docket Item No. 53, at AR 001410-11. He returned to work on May 1, 2002, but was terminated that same day. Id. at AR 001412-13.

Although questioned initially, it appears undisputed at this point that Plaintiff became subject to Borland's Long Term Disability Employment Benefit Plan (the "Borland Plan") while he was an employee of the company. Id. at AR 000947. On October 22, 2009, Plaintiff submitted a claim for LTD benefits under the Borland Plan. Id. at AR 001440. He indicated on the claim form that he had suffered from "disabling back and neck pain from degenerative disc disease," "chronic migraine headaches," and "failed knee and shoulder surgery" from February, 2002. Id.

On May 7, 2010, Defendant notified Plaintiff that it lacked "required Employer information to complete the initial review" of Plaintiff's claim. Id. at AR 001079. Specifically, Defendant stated that it lacked "an Employer statement which provides verification and documentation of [Plaintiff's] LTD coverage and as an eligible employee with Borland Software Corporation." Id. Defendant further indicated that Plaintiff's claim would be closed "until required Employer information is received and reviewed to determine his eligibility for LTD coverage," but also stated Plaintiff could appeal the decision because the claim "was denied in whole or in part." Id.

Plaintiff appealed the May 7th decision on August 11, 2010. Id. at AR 001053. He then initiated this action on November 29, 2010. See Compl., Docket Item No. 1. At that time, Defendant had not yet issued a decision on Plaintiff's appeal.

On December 9, 2011, with this case still pending, Plaintiff and Defendant agreed to remand Plaintiff's LTD claim back to Defendant so that it could resolve the undecided appeal. See Docket Item No. 24. The court granted the parties' stipulation on January 24, 2012, and stayed the proceedings. See Docket Item No. 25.

Pursuant to the remand, Defendant determined on March 30, 2012, that Plaintiff had coverage under the Borland Plan through May 1, 2002. Id. at AR 000947. Plaintiff then faxed to Defendant on April 4, 2012, certain forms Defendant required to determine his eligibility for

2
Case No.: 5:10-cv-05399-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION

benefits. Id. at AR 000961.  On August 3, 2012, Defendant informed Plaintiff that it sent copies of record review reports to three of Plaintiff's treating physicians and had given them two weeks to respond. Id. at AR 000917.  These physicians, however, claimed not to have received any documents related to Plaintiff. Id. at AR 000813-15.

On December 7, 2012, Defendant notified Plaintiff his LTD claim was denied, this time because the information in the claim file did not support disability during the relevant time period. Id. at AR 000776.  Plaintiff appealed from that decision on December 12, 2012. Id. at AR 000775.  He provided to Defendant additional information in connection with the appeal on August 6, 2014, and requested that Defendant make a decision on the appeal on August 25, 2014. Id. at AR 000365; 000336-37.  He again requested a decision on October 3rd and October 29, 2014. Id. at AR 000334-35.  Defendant, however, did not and still has not decided Plaintiff's appeal.

The court lifted the stay and restored this case to active litigation on January 2, 2015. See Docket Item No. 48.  The instant motion followed.

## II.   LEGAL STANDARD

A motion for summary adjudication must meet the same standards as an ordinary motion for summary judgment under Federal Rule of Civil Procedure 56. See California v. Campbell, 138 F.3d 772, 780 (9th Cir. 1998).  A motion for summary judgment should be granted if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir.2000).  The moving party bears the initial burden of informing the court of the basis for the motion and identifying the portions of the pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of a triable issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  If the moving party meets this initial burden, the burden then shifts to the non-moving party to go beyond the pleadings and designate specific materials in the record to show that there is a genuinely disputed fact. Fed. R. Civ. P. 56(c); Celotex, 477 U.S. at 324.  The court must draw all reasonable inferences in favor of the party against whom summary judgment

1   is sought.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

2   However, the mere suggestion that facts are in controversy, as well as conclusory or
3   speculative testimony in affidavits and moving papers, is not sufficient to defeat summary
4   judgment.  See Thornhill Publ'g Co. v. GTE Corp., 594 F.2d 730, 738 (9th Cir.1979).  Instead, the
5   non-moving party must come forward with admissible evidence to satisfy the burden.  Fed. R. Civ.
6   P. 56(c); see Hal Roach Studios, Inc. v. Feiner & Co., Inc., 896 F.2d 1542, 1550 (9th Cir.1989).

7   A genuine issue for trial exists if the non-moving party presents evidence from which a
8   reasonable jury, viewing the evidence in the light most favorable to that party, could resolve the
9   material issue in his or her favor.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986);
10  Barlow v. Ground, 943 F.2d 1132, 1134-36 (9th Cir. 1991).  Conversely, summary judgment must
11  be granted where a party "fails to make a showing sufficient to establish the existence of an
12  element essential to that party's case, on which that party will bear the burden of proof at trial."
13  Celotex, 477 U.S. at 322.

### III.  DISCUSSION

15  Since the critical procedural facts are not in dispute, this motion presents one limited legal
16  issue for resolution: the parties disagree on the standard this court will eventually apply to review
17  the decision on Plaintiff's application for LTD benefits.  Plaintiff argues that standard should be
18  de novo.  Defendant argues it should be abuse of discretion.  On this record, and notwithstanding
19  Defendant's unexplained and serious procedural violation, the court must agree with Defendant.

20  Generally, "[a] denial of benefits challenged under § 1132(a)(1)(B) is to be reviewed under
21  a de novo standard unless the benefit plan gives the administrator or fiduciary discretionary
22  authority to determine eligibility for benefits or to construe the terms of the plan." Firestone Tire
23  & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989).  "[I]f the plan does confer discretionary
24  authority as a matter of contractual agreement, then the standard of review shifts to abuse of
25  discretion." Abatie v. Alta Health & Life Ins. Co., 458 F.3d 955, 963 (9th Cir. 2006).
26  Discretionary plan language, and in turn review for abuse of discretion, remains effective even in
27  the face of a plan's structural conflict of interest.  Id. at 965.

4
Case No.: 5:10-cv-05399-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION

As to the Borland Plan, it is undisputed that the plan's terms give Defendant, as the designated fiduciary, "discretionary authority to interpret the terms of the Plan and to determine eligibility for and entitlement to Plan benefits in accordance with the terms of the Plan." See Fleishman Decl., at AR 001508.  Accordingly, benefits decisions made by Defendant pursuant to the plan are presumptively subject to review under an abuse of discretion standard, "unless it can be shown that the interpretation or determination was arbitrary and capricious," or absent some other development which would negate Defendant's discretionary authority.  Id.

In this motion, Plaintiff argues that Defendant has forfeited the benefit of discretionary review because of its alleged failure to observe ERISA's procedural requirements.  Specifically, Plaintiff contends that by neglecting to timely decide his appeals in accordance with 29 C.F.R. § 2560.503-1(h),[1] the court must now decide his LTD claim de novo.

Plaintiff is correct that quantity and quality of procedural violations can, under appropriate circumstances, modify the applicable standard of review from deferential to de novo.  But these circumstances are rare, at least in this circuit.  "[P]rocedural violations of ERISA do not alter the standard of review unless those violations are so flagrant as to alter the substantive relationship between the employer and employee, thereby causing the beneficiary substantive harm." Gatti v. Reliance Standard Life Ins. Co., 415 F.3d 978, 985 (9th Cir. 2005).  "When an administrator engages in wholesale and flagrant violations of the procedural requirements of ERISA, and thus acts in utter disregard of the underlying purpose of the plan as well, [the court] review[s] de novo the administrator's decision to deny benefits." Abatie, 458 F.3d at 971.

In addition, as Plaintiff emphasizes, de novo review may be applied in place of deferential review when the administrator fails to exercise discretion, such that a resulting default denial is "undeserving of deference under Firestone." Jebian v. Hewlett-Packard Co. Emple. Benefits Org.

---

[1] Although Plaintiff references 29 C.F.R. § 2560.503(f) in the motion, the court will instead apply § 2560.503(h) since that section governs appeals of benefits decisions rather than initial determinations.  Under either section as well as under the Borland Plan, Defendant was obligated to issue a decision within 45 days absent any notifications of extension.  See Fleishman Decl., at AR 001507.

Income Prot. Plan, 349 F.3d 1098, 1106 (9th Cir. 2003). Indeed, courts "will not defer when a decision is, under the Plan, necessarily the mechanical result of a time expiration rather than an exercise of discretion." Id. at 1105.

Here, while Plaintiff's frustration with Defendant's inability to render a decision - for reasons that remain unexplained - is understandable, he has not identified any substantive harm resulting from Defendant's conduct such that the relationship between himself and his former employer has been altered. Thus, this case is distinguishable from cases in which such harm has been found, like Blau v. Del Monte Corporation, 748 F.2d 1348 (9th Cir. 1984), where the evidence showed that the administrator "failed to comply with virtually every applicable mandate of ERISA." 748 F.2d at 1353. In this case, only ERISA's timing requirements have been violated, albeit on more than one occasion.

Furthermore, Plaintiff's reliance on Jebian is misplaced because it does not govern this case. In Jebian, the Ninth Circuit held that "where, according to plan and regulatory language, a claim is 'deemed . . . denied' on review after the expiration of a given time period, there is no opportunity for the exercise of discretion and the denial is usually to be revewied de novo." Jebian, 349 F.3d at 1103. Importantly, Jebian has since been explicitly limited to its particular facts; circumstances where the plan language at issue dictates a particular result for the administrator's failure to act within a specified time. See Gatti, 415 F.3d at 982 ("The Jebian opinion discusses the time limits established by the plan and those imposed by regulation in tandem, but the court's ultimate holding was based solely on the time limitation language in the plan."). Such a refinement of the Jebian holding makes sense, since employers who include automatic denial provisions in their plan contracts do so knowing that any denial rendered as a result of that provision will not constitute an exercise of discretion worthy of any deference. See Abatie, 458 F.3d at 971 ("[U]nder Firestone, a plan administrator's decision is entitled to deference only when the administrator exercises discretion that the plan grants as a matter of contract."). But violations of regulatory violations, without a corresponding penalty for a contractual default, are something different. "Ordinarily, a claimant who suffers because of a

6
Case No.: 5:10-cv-05399-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION

fiduciary's failure to comply with ERISA's procedural requirements is entitled to no substantive remedy." Blau, 748 F.2d at 1353.  Although these types of violations were discussed by the Jebian court, it did not actually decide the issue of whether regulatory violations are significant enough to alter the standard of review. Abatie, 458 F.3d at 971 ("The Jebian decision recognizes that there will be cases where benefits decisions are made in violation of the regulations alone, and explicitly leaves this issue open.").

Unlike Jebian, the Borland Plan does not call for any particular result, such as an automatic denial, when Defendant fails to decide an appeal within the plan's specified timeframe.  Thus, this court is not presented with a species of spontaneous decision obviously unentitled to any deference.  Defendant did issue a substantive decision on Plaintiff's claim for benefits constituting an exercise of discretion – the denial on December 7, 2012.  That decision is now considered capable of review by this court. See 29 C.F.R. § 2560.503-1(l); see also Gatti, 415 F.3d at 983 ("Because a claimant must exhaust her plan's administrative review procedures before she may bring suit in federal court, . . . a mechanism is necessary to allow claimants access to the courts in the event that their plan never makes a decision.").  And since a decision on the appeal is apparently not forthcoming, even after the court reopened this case while also providing an opportunity for one to issue, it is now time to proceed with the December 7th decision as Defendant's final determination on the matter.

Thus, for the reasons explained, this court concurs with those district courts holding that an administrator's failure to timely decide a benefits appeal is not itself a basis to alter the standard of review when it does not also manifest substantive harm to the applicant. See, e.g., Hinz v. Hewlett Packard Co. Disability Plan, No. 10-CV-03633-LHK, 2011 U.S. Dist. LEXIS 386454, 2011 WL 1230046 (N.D. Cal. Mar. 30, 2011).

Consequently, the examination of the December 7th decision will not be a de novo one.  Instead, the court will review it for abuse of discretion.  But to be sure, this result is not some type of undeserved reward for Defendant since the court is mindful that "procedural violations of ERISA's requirements are evidence of arbitrary and capricious decisionmaking." Gatti, 415 F.3d

7
Case No.: 5:10-cv-05399-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION

at 984; see also Abatie, 458 F.3d at 972 ("A procedural irregularity, like a conflict of interest, is a matter to be weighed in deciding whether an administrator's decision was an abuse of discretion."). In addition, as other courts have done under similar circumstances, the court will conduct the review "with a heightened degree of skepticism and will consider additional evidence submitted with Plaintiff's notice of appeal." Hinz, 2011 U.S. Dist. LEXIS 386454, at *24. The parties should arrange their summary judgment briefing accordingly.

## IV. ORDER

Based on the foregoing, Plaintiff's Motion for Summary Adjudication (Docket Item No. 53) is DENIED.

**IT IS SO ORDERED.**

Dated:  April 29, 2015



EDWARD J. DAVILA
United States District Judge

8
Case No.: 5:10-cv-05399-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION